**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG INC.**<br><br>*Plaintiff*,<br>v.<br>**7-ELEVEN, INC.; SEVEN & I HOLDINGS CO., LTD.; SEVEN-ELEVEN JAPAN CO., LTD.**<br><br>*Defendants*. | Civil Action No. 2:11-cv-424<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action for patent infringement in which Plaintiff GeoTag Inc., ("GeoTag" or "Plaintiff") makes the following allegations against Defendants 7-Eleven, Inc., Seven & i Holdings, Co., Ltd.; and Seven-Eleven Japan Co., Ltd. (collectively "Defendants"):

## PARTIES

1. Plaintiff GeoTag Inc. is a Delaware corporation with its principal place of business in Plano, Texas.

2. On information and belief, Defendant 7-Eleven, Inc. ("7-Eleven") is a Texas corporation with its principal place of business at 1722 Routh St., Ste. 1000, Dallas, TX 75201. 7-Elevnt has appointed Corporate Creations Network Inc., 4265 San Felipe, #1100, Houston, TX 77027 as its agent for service of process.

3. On information and belief, Defendant Seven & i Holdings Co., Ltd. ("Seven & i") is a Japanese corporation with its principal place of business at 8-8 Nibancho, Chiyoda-ku, TKY 102-8452, Japan. On information and belief, Seven & i may be served at 8-8 Nibancho, Chiyoda-ku, TKY 102-8452, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

4. On information and belief, Defendant Seven-Eleven Japan Co., Ltd. ("Seven-Eleven") is a Japanese corporation with its principal place of business at 8-8 Nibancho, Chiyoda-ku, TKY 102-8452, Japan. On information and belief, Seven-Eleven may be served at 8-8 Nibancho, Chiyoda-ku, TKY 102-8452, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have an interactive website(s) comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, each Defendant is subject to personal jurisdiction in this district. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants have an interactive website(s) comprising

infringing methods and apparatuses which are used in and/or accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

## COUNT I – PATENT INFRINGEMENT

7. Plaintiff is the owner by assignment of United States Patent No. 5,930,474 (the "'474 Patent"), entitled "Internet Organizer for Accessing Geographically and Topically Based Information." The '474 Patent issued on July 29, 1999. A true and correct copy of the '474 Patent is attached hereto as Exhibit A.

8. The Claims of the '474 Patent cover, *inter alia*, systems and methods which comprise associating on-line information with geographical areas, such as systems and methods comprising computers, an organizer, and a search engine configured to provide a geographical search area wherein at least one entry associated with a broader geographical area is dynamically replicated into at least one narrower geographical area, the search engine further configured to search topics within the selected geographical search area.

9. On information and belief, Defendants have infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the "Explore All Jobs with 7-Eleven" at corp.7-eleven.com and the "Find a Store" at www.7-eleven.com.

10. To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, GeoTag reserves the right to request such a finding at time of trial.

11. As a result of Defendants' infringing conduct, Defendants have damaged GeoTag. Defendants are liable to GeoTag in an amount that adequately compensates GeoTag for its infringement, which, by law, can be no less than a reasonable royalty.

### PRAYER FOR RELIEF

WHEREFORE, GeoTag respectfully requests that this Court enter:

1. A judgment in favor of GeoTag that Defendants have infringed the '474 patent;

2. A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '474 patent;

3. A judgment and order requiring Defendants to pay GeoTag its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '474 patent as provided under 35 U.S.C. § 284;

4. An award to GeoTag for enhanced damages as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to GeoTag its reasonable attorneys' fees; and

6. Any and all other relief to which GeoTag may show itself to be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, GeoTag requests a trial by jury of any issues so triable by right.

Respectfully submitted,

Dated: September 15, 2011   **NI LAW FIRM, PLLC**

By: */s/ Hao Ni*
Hao Ni
TX State Bar No. 24047205
hni@nilawfirm.com
Stevenson Moore
Texas Bar No. 24076573
smoore@nilawfirm.com
3102 Maple Avenue, Suite 400
Dallas, TX 75201
Telephone: (214) 800-2208
Facsimile: (214) 800-2209

**BUETHER JOE & CARPENTER, LLC**

Christopher M. Joe
Texas State Bar No. 00787770
E-mail:  Chris.Joe@bjciplaw.com
Eric W. Buether
Texas State Bar No. 03316880
E-mail:  Eric.Buether@bjciplaw.com
Brian A. Carpenter
Texas State Bar No. 03840600
E-mail:  Brian.Carpenter@bcjiplaw.com
Mark D. Perantie
Texas State Bar No. 24053647
E-mail:  Mark.Perantie@bjciplaw.com
Niky Bukovcan
Washington State Bar No. 39403
E-mail:  Niky.Bukovcan@bjciplaw.com

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Phone: (214) 466-1272
Fax: (214) 466-1828

**ATTORNEYS FOR PLAINTIFF
GEOTAG INC.**

5