**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **GEOTAG, INC.,** § | | |
| § | | |
| *Plaintiff*, § | **C.A. NO. 2:11-cv-00424-MHS-CMC** | |
| § | | |
| v. § | | |
| § | | |
| **7-ELEVEN, INC.; SEVEN & I** § | **JURY TRIAL DEMANDED** | |
| **HOLDINGS CO., LTD.; SEVEN-** § | | |
| **ELEVEN JAPAN CO., LTD.**, § | | |
| § | | |
| *Defendants*. § | | |

**7-ELEVEN, INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS IN RESPONSE TO
PLAINTIFF GEOTAG, INC.'S ORIGINAL COMPLAINT**

Defendant 7-Eleven, Inc. ("7-Eleven"), files this Answer to Plaintiff Geotag, Inc.'s ("Geotag" or "Plaintiff") Original Complaint ("Original Complaint"), and hereby states as follows:

**PARTIES**

1.  7-Eleven lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Original Complaint and therefore denies those allegations.

2.  7-Eleven, Inc. admits that it is a Texas corporation with a principal place of business at 1722 Routh Street, Suite 1000, Dallas, Texas. 7-Eleven, Inc. admits that it has appointed Corporate Creations Network Inc. as its agent for service.

3.  7-Eleven admits that Seven & i Holdings advertises that it has a principal place of business at 8-8 Nibancho, Chiyoda-ku, TKY 102-8452, Japan. 7-Eleven lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Original Complaint and therefore denies those allegations

4.  7-Eleven admits that Seven-Eleven Japan advertises that it has a principal place of business at 8-8 Nibancho, Chiyoda-ku, TKY 102-8452, Japan. 7-Eleven lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Original Complaint and therefore denies those allegations

## JURISDICTION AND VENUE

5.  7-Eleven admits that Paragraph 5 of the Jurisdiction and Venue Section of the Complaint alleges that this is an action arising under the patent laws of the United States, Title 35 of the United States Code, but denies the merits of such action. 7-Eleven also admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). 7-Eleven admits that it has a website and has solicited business in the district. However, 7-Eleven denies that its websites comprise infringing methods or systems which are at least used in and/or accessible in this forum. 7-Eleven denies the remaining allegations contained in Paragraph 5 of the Jurisdiction and Venue Section of the Original Complaint.

6.  7-Eleven admits that the statutory requirements for venue under 28 U.S.C. §§ 1391(b)-(c) and 1400 are met. However, while venue may be had in the Eastern District of Texas, this forum is inconvenient and burdensome for 7-Eleven. 7-Eleven admits that it has a

website and has solicited business in the district. However, 7-Eleven denies that its websites comprise infringing methods or systems which are at least used in and/or accessible in this forum. 7-Eleven denies the remaining allegations contained in Paragraph 6 of the Jurisdiction and Venue Section of the Original Complaint.

## ANSWER TO COUNT 1

## ALLEGATION OF INFRINGEMENT OF U.S. PATENT NO. 5,930,474

7. 7-Eleven admits that United States Patent No. 5,930,474 (the "`474 Patent") is titled "Internet Organizer for Accessing Geographically and Topically Based Information," and, that according to the face of the `474 Patent was apparently issued by the United States Patent and Trademark Office on July 29, 1999. 7-Eleven lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of Count 1 to the Original Complaint, and therefore denies the same.

8. Paragraph 8 of Count 1 to the Original Complaint states legal conclusions to which no response is required. To the extent that an answer is required, 7-Eleven lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Count 1 to the Original Complaint and therefore denies those allegations.

9. Denied.

10. Paragraph 10 of Count 1 to the Amended Complaint does not require a response by 7-Eleven. To the extent any response is necessary, 7-Eleven denies it has committed any act of infringement, willful or otherwise.

11. 7-Eleven lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 11 of Count 1 to the Original Complaint and therefore denies those allegations.

## ANSWER TO PRAYER FOR RELIEF

1. 7-Eleven denies that Plaintiff is entitled to any of the relief requested in Paragraphs 1 through 6 of its Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Without conceding that any of the following necessarily must be pled as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to 7-Eleven's right to plead additional defenses as discovery into the facts of the matter warrant, 7-Eleven hereby asserts the following defenses. 7-Eleven specifically reserves the right to amend its defenses further as additional information is developed through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

### Noninfringement

2. 7-Eleven has not infringed any valid claim of the `474 Patent either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

### Patent Invalidity

3. Each and every claim of the `474 Patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 113.

### THIRD AFFIRMATIVE DEFENSE

### Prosecution History Estoppel/Prosecution Disclaimer

4. Prosecution history estoppel and/or prosecution disclaimer preclude any finding of infringement.

### FOURTH AFFIRMATIVE DEFENSE

### Limitation on Damages

5. The Plaintiff's claim for relief and damages are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### FIFTH AFFIRMATIVE DEFENSE

### Laches/Equitable Estoppel

6. Plaintiff's claims against 7-Eleven are barred in whole or in part by one or more of the equitable doctrines of laches and/or equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

### Failure to State a Claim

7. Plaintiff has failed to state a claim upon which relief can be granted.

8. 7-Eleven reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case, including without limitation any applicable defenses asserted by any other defendant in this action.

## SEVENTH AFFIRMATIVE DEFENSE

### No Injunctive Relief

9. Plaintiff is not entitled to injunctive relief for any alleged infringement because, and at a minimum, any alleged injury to Plaintiff is not immediate or irreparable and because Plaintiff has an adequate remedy at law for any alleged injury.

## COUNTERCLAIMS

In further response to the Original Complaint by Geotag, 7-Eleven asserts the following Counterclaims against Geotag.

## PARTIES

1. Counterclaimant 7-Eleven, Inc. ("7-Eleven") has a place of business at 1722 Routh Street, Suite 1000, Dallas, Texas.

2. On information and belief, Geotag, Inc. ("Geotag") is a Delaware corporation with a principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§2201-02. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 2201, 2202, 1331 and 1338.

4. By filing the Original Complaint, Geotag has consented to the personal jurisdiction of this Court.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6. In view of the filing by Geotag of this suit and 7-Eleven's defenses, there exists an actual and justiciable controversy between the parties regarding the validity, and alleged infringement by 7-Eleven of the `474 Patent.

## COUNT I

### Declaratory Judgment of Invalidity of U.S. Patent No. 5,930,474

7. 7-Eleven incorporates by reference the allegations contained in paragraphs 1 to 6 of its Counterclaims.

8. An actual controversy exists between the parties with respect to the invalidity of the `474 Patent.

9. Although Geotag alleges in its Original Complaint that the `474 patent was duly and legally issued by the United States Patent and Trademark Office after full and fair examination, each and every claim of the `474 Patent is invalid for failure to comply with the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT II

### Declaratory Judgment of Noninfringement of U.S. Patent No. 5,930,474

10. 7-Eleven incorporates by reference the allegations contained in paragraphs 1 to 9 of its Counterclaims.

*7-Eleven, Inc.'s Answer, Defenses and Counterclaims in Response to*
*Plaintiff Geotag's Original Complaint*

11. An actual controversy exists between the parties with respect to the alleged infringement of the `474 Patent.

12. Although Geotag alleges in its Original Complaint that 7-Eleven has infringed the claims of the `474 Patent, 7-Eleven has not infringed any valid claim of the `474 Patent.

## DEMAND FOR JURY TRIAL

7-Eleven hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, 7-Eleven prays for the following relief:

A. That Geotag's claims against 7-Eleven be dismissed with prejudice and that Geotag take nothing by way of its Original Complaint;

B. That judgment be rendered in favor of 7-Eleven;

C. For a declaration that 7-Eleven has not infringed any claim of the `474 Patent;

D. For a declaration that each and every claim of the `474 Patent is invalid;

E. For an order finding this case exceptional pursuant to 35 U.S.C. § 285 and awarding 7-Eleven its reasonable attorneys' fees;

F. That 7-Eleven be awarded its costs of suit incurred in this action; and

G. For such other and further relief as the Court deems just and proper.

Dated: March 1, 2012

Respectfully submitted,

/s/ Avelyn M. Ross
Willem G. Schuurman
Texas Bar No. 17855200
David B. Weaver – LEAD ATTORNEY
Texas Bar No. 00798576
Avelyn M. Ross
Texas Bar No. 24027871
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel: (512) 542-8400
Fax: (512) 542-8612
bschuurman@velaw.com
dweaver@velaw.com
aross@velaw.com

***Attorneys for 7-Eleven, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 1, 2012.  Any other counsel of record will be served by first class mail on this same date.

/s/ Avelyn M. Ross

US 1286758v.1